FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 06 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FLORICA MARIN,

                Plaintiff,

-against-

FRANCIS K. KENNA, Chief Deputy County
Clerk, Supreme Court, Queens County,

                Defendant.
-----------------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**
18-CV-6498 (AMD)(SMG)

ANN M. DONNELY, United States District Judge: interest

On September 25, 2018, Florica Marin filed this *pro se* action in the United States District Court for the Southern District of New York[1] against Francis Kenna, a state court clerk; the plaintiff asks that I order the defendant to give the plaintiff access to state court records. For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

According to the complaint, the plaintiff was appointed in 1999 as the administratrix of her late husband's estate in Queens County Surrogate's Court, under Estate File No. 1999/3501. (ECF No. 1 at 5.) In 1999, she also filed a wrongful death lawsuit in the New York Supreme Court, Queens County against New York City. (*Id.*) The plaintiff claims that she has tried to get the court file for the wrongful death action, but that the defendant, who is the Chief Deputy County Clerk, denied her access to those records. (*Id.*) She alleges that when she tried to access the records in 2014, the defendant gave her "wrong information regarding [the] case," and told her that "the case does[n]'t exist" and that he "can't find [her] case." (*Id.*) As a result, the plaintiff "can't get . . . posses[s]ion of [the] Estate, because [she] need[s] a copy of [the] Settlement." (*Id.*)

---

[1] The case was transferred to this Court on November 15, 2018. (ECF No. 4.)

The plaintiff claims that she has been denied her right to "[a]ccess to court records," "the right to equality," and the right to a fair trial, and has been subject to "degrading treatment," "age discrimination," and "racial discrimination." (ECF No. 1 at 2.) She seeks only injunctive relief, and asks that I direct the state court to provide her a copy of the settlement. (*Id.* at 6.)

## STANDARD OF REVIEW

*Pro se* complaints, "however inartfully pleaded," must be construed liberally, and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Even under this standard, the complaint must still contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). An action will survive only if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations and citations omitted).

A district court has the inherent power to dismiss a case *sua sponte*, even if the plaintiff has paid the filing fee, if the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam); Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citation omitted)); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter

jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." (citations omitted)). Federal jurisdiction is available only when a plaintiff pleads a "colorable claim 'arising under' the Constitution or laws of the United States," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted), or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The plaintiff bears the burden of establishing that the district court has subject matter jurisdiction over the action. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005); *Smith v. Spectrum Brands Inc.*, No. 17–CV–6989, 2018 WL 718378, at *2 (E.D.N.Y. Feb. 5, 2018). When a court does not have subject matter jurisdiction, dismissal is mandatory. *Arbaugh*, 546 U.S. at 514.

The plaintiff claims that this Court has federal question jurisdiction over this action.[2] The plaintiff asserts that she suffered discrimination based on her age and race, which suggests a civil rights action under 42 U.S.C. § 1983. (ECF No. 1 at 2, 5.) She also says that the defendant violated her "right to equality," which I construe as an equal protection claim. (*Id.*) However, the factual allegations in the complaint—that the defendant told the plaintiff that he "can't find [her] case" and that the state "doesn't have a[n] archive or a[n] index" (*id.* at 5)—do not suggest that the defendant discriminated against the plaintiff because of her race or age. Rather, the allegation seems to be that there were procedural or bureaucratic hurdles that prevented the plaintiff from obtaining court records. This is not enough to plead a "colorable" discrimination or equal protection claim that properly invokes federal question jurisdiction.

Nor does the alleged deprivation of the plaintiff's right to access court records invoke federal question jurisdiction. (ECF No. 1 at 2.) The Freedom of Information Act, 5 U.S.C. § 552,

---

[2] The complaint alleges that both parties are New York citizens, so there is no diversity jurisdiction. (ECF No. 1 at 2–3.)

3

*et seq.*, a federal statute, establishes a process for requesting access to records kept by federal agencies, not state agencies. *See Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) (the federal Freedom of Information Act applies only to federal agencies and not to state agencies). New York state provides a process by which individuals can request state agency records, but this state law cannot be used to invoke federal question jurisdiction. *See* Freedom of Information Law, N.Y. Pub. Off. Law § 84, *et seq*.

The plaintiff has not pled a colorable claim that would invoke federal question jurisdiction, and therefore the complaint is dismissed. *Arbaugh*, 546 U.S. at 513 n.10 (A claim invoking federal question jurisdiction may, "be dismissed for want of subject–matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (citation omitted)).

## CONCLUSION

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction. A court dismissing a *pro se* complaint should grant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted). Therefore, the Court grants the plaintiff leave to amend the complaint within 30 days of this Order being entered.

If the plaintiff chooses to file an amended complaint, the amended complaint must either raise a question of federal law or present a claim between parties with complete diversity of citizenship. The amended complaint will replace the original complaint. It must be captioned "Amended Complaint," and must have the same docket number as this Memorandum and Order.

If the plaintiff does not file an amended complaint within the time allowed or cure the deficiencies discussed herein, the Clerk of the Court is respectfully directed to enter judgment

dismissing this action for the reasons set forth above.

**SO ORDERED.**

                                                                                         s/Ann M. Donnelly
                                                                                        Ann M. Donnelly
                                                                                        United States District Judge

Dated:  Brooklyn, New York
           December 6, 2018